Case 08-13656    Filed 12/09/09    Doc 197



**NOT FOR PUBLICATION**

```
                              FILED
                              DEC - 9 2009
                                    KT
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                           Case No. 08-13656-A-7
                                DC No. PK-4
DEBORAH JANE MORROW

        Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE TRUSTEE'S AMENDED OBJECTIONS TO DEBTOR'S
AMENDED CLAIM OF EXEMPTIONS**

A hearing was held November 18, 2009, on the amended objections of the chapter 7 trustee to debtor's amended claim of exemptions. Following the hearing, the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(B).

As the chapter 7 trustee relates in his objection, this case was filed June 24, 2008, as a chapter 7 case. The debtor then sought to convert her case to chapter 13. Prior to that, she had received her discharge, on October 21, 2008. An order granting her motion to convert the case to chapter 13 was entered January 6, 2009. An amended order was entered March 19, 2009. On April 7, 2009, an order dismissing the case was entered. On May 11,

2009, an order was entered vacating the order dismissing the case and ordering that the chapter 13 case be reconverted to chapter 7.

The history of the exemptions claimed and the trustee's objections mirrors the procedural history of the case as a whole. While the case was originally in chapter 7, the trustee objected to a claim of exemption which was sustained. That objection was to the claim of exemption in the Springdale trailer. Following that, the case was converted to chapter 13 on the debtor's request.

On November 24, 2008, the debtor filed an amended Schedule C. That amended Schedule C also claim an exemption for the Springdale trailer and the lot on which it is located. The trustee timely filed an objection on December 24, 2008. However, the trustee did not set that objection for hearing, and the order converting the case to chapter 13 was entered in January 2009. The hearing on November 18, 2009, was as to the objection filed December 24, 2008. Therefore, the objection was timely filed.

The trustee now objects to the debtor's claim of exemption in the 2008 Springdale trailer on different grounds from his first objection which the court sustained, and after which an amended Schedule C was filed. According to the trustee, the lien of the PSE Credit Union ("PSECU") on the trailer is avoidable because it is an unperfected security interest. The trustee asserts that he can avoid the lien under Bankruptcy Code § 544 and § 551 and that once avoided, the lien is preserved for the benefit of the estate. The trustee also asserts that under Bankruptcy Code § 522(g)(1)(A), the debtor cannot exempt the

value of the lien that the trustee recovered. All the debtor can exempt is the equity that may exist above the amount of the recovered lien. According to the trustee, there is no equity. The trustee also objects to the debtor's claims of exemption in that they exceed the "wild card" amount under California Code of Civil Procedure § 703.140.

The debtor opposes the objection on several grounds. First, she says the trustee has delayed far too long in filing the motion objecting to her claims of exemption and thus should be barred from proceeding now. At the same time, she asks for a continuance so she can obtain a lawyer. She suggests that the trustee sell the "vacant land" instead of the trailer.

The debtor states in her opposition that the residence on the property where the trailer is located cannot be occupied by her and her family now because they can not afford to pay for heat. Therefore, they are living in the trailer. She asserts that if the trustee were to sell the trailer, it would cause her family hardship. Additionally, the debtor states that she wishes to negotiate with the credit union about the trailer.

In the bankruptcy case as filed, the debtor showed her residence as in California. Therefore, it is appropriate that she claim exemptions under California law. In objecting to a claim of exemption, the trustee has the burden of proof. Federal Rule of Bankruptcy Procedure 4003(c) states that "the objecting party has the burden of proving that the exemptions are not properly claimed."

Here, the evidence before the court consists of the trustee's request for judicial notice of Claim No. 5 filed by the

PSECU. The claim is filed as an <u>unsecured</u> claim. The court also takes judicial notice of other documents that are part of the record of the case.

On November 4, 2009, just prior to the hearing on the objection, the debtor filed a new amended Schedule C. In the new amended Schedule C, she utilized exemptions under California Code of Civil Procedure § 704.730 instead of exemptions under § 703.140. At the hearing, the trustee asked the court to sustain his objections to the exemptions claimed in the November 4th filing and to rule on the claim of exemption in the Springdale trailer.

When the debtor filed her chapter 7 petition, she stated that her residence was in California. On Schedule A filed with the petition, she stated that she resided in a trailer on land at 17730 Bold Venture Drive, Tehachapi, California. She also listed on A property at 2113 Main Street, Shade Gap, Pennsylvania, describing it as a "90 year old farmhouse needing repairs to dwell." In Schedule C filed with the petition, she listed as exempt the real property in Pennsylvania, a 2004 Mercury Sable, and 2003 Ford Expedition, and 2008 Springdale trailer, and the real property in Tehachapi. The exemptions were claimed under California Code of Civil Procedure 704 without any more specific statutory reference.

Amended Schedule C filed on November 24, 2008, claims an exemption in the "1.10 acre lot and in the 2008 Springdale trailer" under CCP § 703.140(3)(b)(1).

Finally, on November 4, 2009, the debtor filed an Amended Schedule C claiming only the Springdale trailer and the property

4

in Pennsylvania as exempt, this time again using California Code of Civil Procedure § 704 but including the statutory reference of § 704.730(a)(2).

The debtor has stated that when she filed her bankruptcy petition, she resided on the property in California. The only homestead exemption that she could claim using the exemptions provided by California Code of Civil Procedure § 704 for a homestead would be the real property on which she resided at the time the case was filed. Therefore, amended Schedule C filed November 4, 2009, utilizing California Code of Civil Procedure § 704.730 does not list allowable exemptions.

The amended Schedule C filed by debtor November 24, 2008, appropriately utilizes § 703.140(3)(b)(1) and (b)(5).

The trustee asserts that the objection to the claim of exemption in the trailer should be sustained because he can avoid the security interest of the credit union in the trailer. The problem with this argument is that it is not clear that there is anything at all to avoid. The credit union has filed a proof of claim showing an unsecured claim. The debtor originally scheduled the credit union as a secured creditor, but she amended the schedules on November 24, 2008, to delete the reference to the credit union as having a secured claim on the trailer. Therefore, the credit union has acknowledged in filing its unsecured proof of claim that it does not have a security interest in the trailer, and the debtor has acknowledged by filing an amended Schedule B that she does not believe the credit union has a secured interest in the trailer. The trustee has not met his burden of proof with respect to the trustee's ability to

```
 1  avoid any security interest in the trailer for the reason that
 2  there does not appear to be any claim of a security interest in
 3  the trailer.  Thus, the trustee's objection is overruled on that
 4  ground.
 5       The second ground of the trustee's objection is that the
 6  amended Schedule C filed November 24, 2008, attaches a value of
 7  $18,350 to both the claim of exemption in the 1.1 acre lot on
 8  which the trailer is situated and also for the trailer.  Thus,
 9  while the debtor is only entitled to an aggregate exemption of
10  the amount specified by CCP § 703.140(b)(1) and (b)(5), the
11  debtor has doubled the amount she may claim exempt. To this
12  extent, the objection is sustained.  The debtor is limited to a
13  total exemption of $21,825.00 in the 1.1 acre lot on which the
14  trailer sits and in the 2008 Springdale trailer under California
15  Code of Civil Procedure § 703.140(b)(1) and (b)(5).
16
17  DATED: December 9, 2009
                                     _____
18                                   WHITNEY RIMEL, Judge
                                     United States Bankruptcy Court
```

```
                        PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF FRESNO         )
```

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2500 Tulare Street, Suite 2501, Fresno, California, 93721. On December 9, 2009, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Deborah Jane Morrow
21113 Main Street
Shade Gap, PA 17255

Patrick Kavanagh, Esq.
1331 L Street
Bakersfield, CA 93301

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on December 9, 2009, at Fresno, California.

*Kathy Torres*
Kathy Torres, PLS